**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No.  15-cv-01947-DME-MEH

LINDA PARNES,

       Plaintiff,

v.

SAFECO INSURANCE COMPANY OF AMERICA,

       Defendant.

**MEMORANDUM AND ORDER DENYING PLAINTIFF'S MOTION TO REMAND**

After Plaintiff Linda Parnes filed a lawsuit against her insurer, Defendant Safeco Insurance Company of North America, Safeco filed a motion to remove the case to federal district court pursuant to diversity jurisdiction.  After the removal request was granted, Parnes filed this motion seeking to remand the case back to state court.  Parnes asserts two arguments for why this court should remand:  (1) the parties' contract requires litigation in the insured's local court; and (2) the district court improperly relied on her settlement demand in determining the amount-in-controversy.  As explained below, Parnes's arguments fail and this court denies her Motion to Remand (Doc. 13).

    **I.**    **Legal Standard**

There are three legal standards relevant to this appeal:  (1) the process for removing a case from state court to federal court; (2) how a defendant may establish that the amount-in-controversy exceeds $75,000; and (3) how Colorado courts interpret insurance contracts.

*a. Removing a case from state court to federal court*

United States district courts "shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States." 28 U.S.C. § 1332(a)(1). If a federal district court has original jurisdiction over a case, the defendant may remove the case to the district court for the district in which the action is pending. 28 U.S.C. § 1441(a). A defendant timely files a motion for removal if it is filed within 30 days of the defendant's receipt of a copy of the initial pleading. 28 U.S.C. § 1446(b)(1). "Before filing a motion, counsel for the moving party or an unrepresented party shall confer or make reasonable good faith efforts to confer with any opposing counsel or unrepresented party to resolve any disputed matter" and file a certificate describing those efforts. D.C. Colo. L. Civ. R. 7.1(a).

*b. Establishing amount-in-controversy*

In establishing the amount-in-controversy required for diversity jurisdiction, when a plaintiff's claim is silent, the removing defendant must "affirmatively establish jurisdiction by proving jurisdictional facts [by a preponderance of the evidence] that ma[k]e it possible that [more than] $75,000" is at issue. *McPhail v. Deere & Co.*, 529 F.3d 947, 955 (10th Cir. 2008). Beyond referencing the plaintiff's complaint, defendants can point to interrogatories, affidavits, contractual terms, plaintiff's proposed settlement amounts, plaintiff's own estimations of a claim's value, correspondence between counsel, and "other evidence." *Id.* at 955-56. "Only if it is 'legally certain' that the recovery . . . will be less than [$75,000] may the case be dismissed." *Id.* at 955 (quoting *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 543 (7th Cir. 2006)).

*c. Interpreting an insurance contract in Colorado*

In Colorado, a judge's interpretation of an insurance contract "should give the words contained in the contract their plain and ordinary meaning, unless contrary intent is evidenced in the policy." *Cyprus Amax Minerals Co. v. Lexington Ins. Co.*, 74 P.3d 294, 299 (Colo. 2003) (*en banc*). "Courts should read the provisions of the policy as a whole, rather than reading them in isolation." *Id.* The court should construe any ambiguous provisions "against the insurer and in favor of providing coverage to the insured." *Id.*

## II.     Factual Background

On February 8, 2014, Plaintiff Linda Parnes was rear-ended in an automobile accident. A third party, not part of this lawsuit, was the at-fault tortfeasor. During all relevant time periods, Parnes had automobile insurance coverage—including underinsured motorist coverage (UIM)—with the Defendant, Safeco Insurance Company of North America. Parnes is a citizen and resident of Longmont, Colorado. Safeco is incorporated in New Hampshire and has its principal place of business in Boston, Massachusetts.

Parnes settled her claim with the third-party tortfeasor for that tortfeasor's policy limits. Parnes then demanded UIM benefits from Safeco, which Safeco denied. On June 23, 2015, Parnes made a settlement offer to Safeco seeking her UIM coverage limit ($100,000). Safeco did not accept the settlement offer.

Parnes then brought this lawsuit in Colorado state court in the district court for Boulder County. The complaint requested declaratory relief and asserted two theories of liability: breach of contract and bad faith breach of insurance contract. The complaint does not offer an amount-in-controversy but seeks pre- and post-judgment interest, attorneys' fees, litigation costs

including expert witness fees, double damages, and any other remedies for unreasonable delay or denial of benefits under C.R.S. §§ 10-3-1115/1116.

Parnes served Safeco with a Summons and complaint on August 18, 2015. Safeco timely filed a Notice of Removal on September 8, 2015. Parnes filed a Motion to Remand to State Court on September 18, 2015.

**III.   Analysis**

Parnes seeks a remand to state court with two arguments. First, the parties' contract limits their litigation options to local courts. Second, the district court improperly relied on Parnes's settlement offer in determining the amount-in-controversy. As explained below, both of those arguments fail.

*a. Duty to Confer*

As a preliminary matter, Parnes never attempted to confer with Safeco before filing this motion, a requirement under local rule 7.1(a). Her failure to confer makes her Motion to Remand "untenable" and this court could deny her motion without prejudice. *McCoy v. West*, 965 F.Supp. 34, 35 (D. Colo. 1997); *Connolly v. Toll Brothers, Inc.*, No. 15-cv-380, 2015 WL 2345639, *1 (D. Colo. May 14, 2015) (unpublished). However, as Parnes noted, Safeco never conferred with her before removing. In any event, for the sake of judicial economy, the court will address the substance of Parnes's Motion to Remand.

*b. Arbitration clause in contract*

The arbitration clause in the "Underinsured Motorist Coverage" section of the parties' contract does not require a local venue in the event of litigation. Despite Parnes's arguments to the contrary, the provision is written in clear language and applies only to arbitration. Under the

heading, "Arbitration," the contract states that "Disputes concerning coverage under this Part may not be arbitrated. Both parties must agree to arbitration . . . . Unless both parties agree otherwise, arbitration will take place in the county in which the insured lives. Local rules of law as to procedure and evidence will apply." Doc. 13 at 31.

Reading that provision as a whole—in the context of the entire contract—and giving the words their "plain and ordinary meaning" establishes that the sentence, "Local rules of law as to procedure and evidence will apply," only applies to arbitration. Parnes's arguments that the sentence is a contractual restriction on removal to federal court would stretch the contract to its breaking point. There is nothing in the language of that provision—or the contract as a whole—that would suggest it limited lawsuits to local venues. Nor is any of the language ambiguous. Therefore, Parnes cannot rely on that provision to save her suit from removal.

   c. *Amount-in-controversy*

Parnes argues that using her settlement demand to establish the amount-in-controversy flies in the face of Federal Rule of Evidence 408 (limiting the admissibility of compromise negotiations). However, the Tenth Circuit has held that defendants may use—and a court may reference—a plaintiff's settlement demand to prove that an amount-in-controversy exceeds $75,000 for purposes of establishing diversity jurisdiction. *McPhail*, 529 F.3d at 956. Parnes sought a settlement for $100,000—her UIM policy limit. She sustained medical damages for $14,870.31 and requested further damages for pain and suffering, loss of enjoyment of life, inconvenience, permanent impairment, attorneys' fees, litigation costs, and a double damage multiplier. Doc. 1, Ex. E at 3-4. Even without looking at the settlement demand, between the

contractual UIM limit of $100,000 and the varying theories of liability—including a double damages claim—there is a very real chance that the amount-in-controversy will exceed $75,000.

Parnes has not provided any evidence or guarantees to the contrary (i.e., that it is not "legally certain" that the amount-in-controversy will be $75,000 or less). Thus, for purposes of establishing diversity jurisdiction, the amount-in-controversy is more than $75,000 and this court properly has federal diversity jurisdiction under 28 U.S.C. § 1332(a)(1).

**IT IS THEREFORE ORDERED THAT** Plaintiff's Motion to Remand to the Boulder County District Court is DENIED.

**IT IS SO ORDERED.**

Dated this ___3rd___ day of _____December_____, 2015.

BY THE COURT:

*s/ David M. Ebel*
DAVID M. EBEL
U. S. CIRCUIT COURT JUDGE